IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:21-CR-451-WMR-JKL |
| v. | : | |
| | : | |
| PRADIP PARIKH | : | |

### DEFENDANT'S REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Defendant, Pradip Parikh, by his attorney, respectfully submits this Reply to the United States' Response [Doc. No. 282] to Defendant's Motion to Modify Conditions of Release [Doc No. 278].

The cases to which the Government cites are distinguishable from our circumstances. In *United States v. Yeh*, 2013 WL 6568118 (N.D. Tex Dec. 13, 2013), the defendant was requesting to travel to China where (i) to the defendant resided and where the defendant's wife and children continued to reside, and where (ii) the Court notes has no extradition treaty with the U.S. The Court reasoned that the defendant had every reason to remain in China with his wife and children, and because China has no extradition treaty with the U.S., the Court's "primary concern is that the Court has no reasonable assurance of effecting Defendant's involuntary

1

return." *Id*. at \*5 (N.D. Tex. Dec. 13, 2013).

In our matter, to the contrary, India has an extradition treaty with the U.S. *See Extradition Treaty Between the Government of the U.S.A. and the Government of the Republic of India*, signed June 25, 1997, Ex. Rept. 105-23.  Also importantly, in our matter, Mr. Parikh's entire family, including his wife, mother, and two daughters (one expecting a grandchild next month), reside in New York, where Mr. Parikh has lived for over 30 years. *See Allen v. U.S*., C.A.D.C.1967, 386 F.2d 634, 128 U.S.App.D.C. 207 (noting that primary factors in evaluating conditions of release include length of defendant's residence in community and family ties)[1]. Therefore, the Mr. Parikh's family provides a very compelling reason to return, and even if he did not return, the Court can affect Mr. Parikh's involuntary return.

The Government also cite to a footnote within *United States v. Patterson*, No. 119CR00230DADBAM1, 2020, WL 6200164, at \*10, n.1 (E.D. Cal. Oct. 22, 2020), which recites a portion of a transcript of the Court's oral admonition of the defendant "for not taking his conditions of release seriously" because the defendant "booked an international trip without talking to Pretrial Services" and because the defendant

---

[1] Mr. Parikh's additionally ties the community include being Vice President at Vaishnav Temple of NY ("VTNY") for 14 Years, including serving on the Executive Committee of the Senior Community Center of VTNY; Member of Gujarati Samaj for over 30 years; Member of Brahmin Samaj of NY.

had already violated multiple terms of his release by (i) booking travel multiple times without requesting permission and (ii) obtaining financial information of a client. Clearly, the context of such oral admonition is distinguishable from our matter as Mr. Parikh has been fully compliant with the term of his release. Further, the Court should give such oral admonition stating the "international travel is generally not done" limited precedential value given the context in which it was said as it was said in response to the defendant booking international travel without asking permission.

Lastly, the Government cites to *United States v. Abuhamra*, 389 F.3d 309, 315 (2d Cir. 2004), in which the defendant was <u>twice</u> granted permission to travel internationally. *Abuhamra* supports Mr. Parikh's position that permitting international travel is appropriate in certain circumstances. The Court in *Abuhamra* refers to the <u>requests</u> as extraordinary, not the fact that the Court granted such requests (one to allow for pilgrimage to Mecca and once to allow for Abuhamra to visit his ill father for <u>three months</u>). Like *Abuhamra,* Mr. Parikh is requesting permission to travel to India for a specific, limited, extraordinary purpose given his father's passing, his mother's ailing health, and the need to settle his father's affairs.

The Government further argues that Mr. Parikh's financial resources and ability to be employed in India make him a risk to not return. First, while Mr. Parikh

has an office where he can work temporarily while he is in India, his employment requires his presence in the United States to manage hotels. Mr. Parikh would be unable to maintain his employment if he did not return. Mr. Parikh also contests that he has the financial resources to be able to stay in India. Nevertheless, Mr. Parikh proposes the following conditions to further assure the Court of his return:

1) increasing the amount of Mr. Parikh's unsecured bond, perhaps to $500,000, to guarantee Mr. Parikh's future appearance in court. Such unsecured bond can be guaranteed by Mr. Parikh, Mr. Parikh's children (including an orthopedic surgeon), as well as Mr. Parikh's business partner, Mr. Naveen Shah, CEO of Navika Capital Group LLC;

2) supplement the unsecured bond with real property, specifically Mr. Parikh's home located at 800 South Gate Drive, North Woodmere, NY, which is owned without encumbrances, and for which Mr. Parikh could lodge title deeds with the Court, with such property valued at approximately $1,200,000: and/or

3) requiring Mr. Parikh to check in regularly with his supervising Pretrial Services Officer while Mr. Parikh is in India.

In conclusion, the "Court [should] impose [the least restrictive] conditions that will reasonably assure – not guarantee – the appearance of the person as required and the safety of any other person and the community." *United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017). Therefore, considering the arguments presented herein, Mr. Parikh respectfully requests that the Court grant the relief requested and any other relief the Court deems proper.

Respectfully submitted this 16th day of December 2022.

/Paul S. Kish/  
Paul S. Kish  
GA Bar Number 424272  
Kish Law LLC  
225 Peachtree Street, NE #1720  
Atlanta, Georgia 30303  
404-207-1338  
paul@kishlawllc.com

/Richard Hochhauser/  
Richard Hochhauser  
Appearing *pro-hac-vice*  
Law Office of Richard Hochhauser PLLC  
1225 Franklin Avenue, Ste 325  
Garden City, New York 11530  
Telephone: (516) 939-1529  
RH@HochhauserLaw.com